Kimbel J. STUART and Michael M. Miyagishima, Petitioners-Appellants and Cross-Appellees,

v.

The BOARD OF COUNTY COMMIS-SIONERS, COUNTY OF LARIMER, State of Colorado, Larimer County, Colorado, Planning Commission; Jim Caufield, Shirley Feree, Jean Johnson, Marrian Maggi, Frances Moore, Howard Norman, Bob Street, Paul Van Horn, and West Westfall, Respondents-Appellees and Cross-Appellants.

No. 84CA0065.

Colorado Court of Appeals, Div. I.

March 21, 1985.

Wyatt and Martell, James A. Martell, Fort Collins, for petitioners-appellants and cross-appellees.

Harden, Schmidt & Hass, P.C., George H. Hass, Fort Collins, for respondents-appellees and cross-appellants.

PIERCE, Judge.

Petitioners, Kimbel J. Stuart and Michael M. Miyagishima, appeal from the judgment of the district court dismissing their complaint. The trial court found that the Larimer County Planning Commission (Commission) was acting in a judicial or quasi-judicial capacity when it denied petitioners' application to amend the Larimer County Land Use Plan. Thus, it ruled that the Commission's decision was reviewable under C.R.C.P. 106(a)(4). The court found that the Commission did not exceed its jurisdiction or act arbitrarily or capriciously in denying the application. We affirm the dismissal, but for different reasons.

■ In 1978 the Commission adopted a Land Use Plan as an element of its Comprehensive Plan, which was a statement of objectives and policies for the physical development of the unincorporated territory of Larimer County. The Planning commission has the authority to adopt, as well as amend, the land-use plan. Section 30–28–108, C.R.S. The land-use plan encompassed an area designated as the Fort Collins Urban Growth Area. Petitioners submitted an application to amend the land-use plan so as to include an additional 80 acres within the urban growth area. The proposed amendment was approved by the Fort Collins City Planning and Zoning Board as well as the city council, but was denied by the Larimer County Planning Commission.

■ The decisive issue here is whether the Commission was acting in a judicial or quasi-judicial capacity when it considered petitioner's amendment to the land-use plan. We find that the Commission was not acting in a judicial or quasi-judicial capacity.

■ Petitioners are correct in citing *Snyder v. Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975) for the three criteria which determine whether an inferior tribunal has acted in a judicial or quasi-judicial capacity. There, the court stated:

"[A]ll of the following factors must exist: (1) a state or local law requiring that the body give adequate notice to the community before acting; (2) a state or local law requiring that the body conduct a public hearing, pursuant to notice, at which time concerned citizens must be given an opportunity to be heard and present evidence; and (3) a state or local law requiring the body to make a determination by applying the facts of a specific case to certain criteria established by law."

These requirements have not been met here. There is no local or state law requiring the Commission to give notice or to conduct a public hearing. Such requirements in the statutes or local laws frequently relate to proceedings for zoning, subdividing, planned unit development, or issuing permits, but no such requirement pertains to changes in land-use plans. *See* §§ 30–28–101, et seq., C.R.S. The fact that the Commission in this case did give notice and held a public hearing is not determinative. Since notice and a hearing are not required, they are at the discretion of the commission, thereby giving it a legislative character. *See Snyder, supra.*

In support of their argument, petitioners cite *City & County of Denver v. Eggert,* 647 P.2d 216 (Colo.1982), where the Arapahoe County Board of Commissioners was found to have acted in a quasi-judicial fashion even though the trial court could not find a state or local law requiring notice and hearing. In *Eggert,* unlike here, the commissioners' decision pertained only to the immediate parties claiming an interest in the action, and decided the rights and liabilities on past and present facts; it was an application of a general rule or policy to specific individuals or specific interests. *See Sherman v. City of Colorado Springs Planning Commission,* 680 P.2d 1302 (Colo.App.1983). In contrast, the amendment here sought the inclusion of land with respect to which it was yet unknown what type of development would be proposed or what impact it would have on specific individuals or neighboring properties.

 A comprehensive or master plan is a planning commission's recommendation of the most desirable use of land, and generally it is held to be advisory only. *Theobald v. Board of County Commissioners,* 644 P.2d 942 (Colo.1982).

In its own introduction, the Larimer County Comprehensive Plan states that:

"The land use plan is a graphic and verbal representation of the [county's] policies ... and of the priorities given to those policies. It displays a potential land use pattern which ... will accommodate the anticipated population growth while achieving the county's land use policies."

 The land-use plan, therefore, establishes policies, is advisory, and is not binding. *See Theobald, supra.* We see no reason why an amendment to the land-use plan should be considered any different in its nature or effect than the plan itself.

The decisions of the Commission are thus neither judicial nor quasi-judicial, rather they are legislative in nature. As such, the trial court had no jurisdiction to review it under C.R.C.P. 106(a)(4). *Snyder v. Lakewood, supra.* Therefore the trial court properly dismissed petitioners' complaint.

We need not reach petitioners' remaining contentions as a result of our disposition.

The judgment is affirmed.

SMITH and BABCOCK, JJ., concur.