**CHERRY HILLS RESORT DEVELOPMENT COMPANY, a Colorado limited partnership; Temple H. Buell, as Trustee and beneficiary under the Temple H. Buell Trust, and Richard L. Nathan, as trustee under the Temple H. Buell Trust, Plaintiffs-Appellees,**

v.

**The CITY OF CHERRY HILLS VILLAGE; the City of Cherry Hills Village City Council; Robert St. Clair, Roy A. Watts, Theodore B. Washburne, George Anderman, Ann M. Polumbus, Donald J. Egan and Merle Chambers, as present members of the City of Cherry Hills Village City Council, Defendants-Appellants,**

and

**Gary A. Agron and Thomas J. Hilb, Intervenors-Defendants-Appellants.**

No. 83CA0428.

Colorado Court of Appeals,
Div. I.

Feb. 27, 1986.

Rehearing Denied April 10, 1986.

Certiorari Granted (Company)
June 9, 1986.

Holme, Roberts & Owen, G. Kevin Conwick, Lawrence L. Levin, Larry S. Schwartz, Amelie A. Buchanan, Englewood, for plaintiff-appellee Cherry Hills Resort Development Co.

Davis, Graham & Stubbs, Robert L. Morris, Edwin G. Winstead, Allan L. Hale, Denver, for defendant-appellant The City of Cherry Hills Village.

Arnold & Porter, Norton F. Tennille, Jr., Andre M. Reiman, Mark H. Boscoe, Denver, for intervenors-defendants-appellants.

PIERCE, Judge.

The Cherry Hills Resort Development Company (developer) submitted to the City of Cherry Hills Village City Council (Village) a master plan containing two alternative plans for the development of a resort hotel. It requested a preliminary approval of either of the plans prior to proceeding with the preparation of its final and complete plans to be ultimately submitted to the Village for approval. Under the Village zoning ordinances, the developer, after receiving such final approval, would have to apply for a building permit.

The Village passed a resolution granting preliminary approval of one of the plans but specified certain conditions. Developer sought judicial review pursuant to C.R.C.P. 106(a)(4). The trial court reversed and modified some of the conditions. The Village initiated this appeal from that ruling.

This court, on its own motion, issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction to review an administrative decision which is neither judicial nor quasi-judicial. Both the Village and developer have responded; two individuals seeking intervention did not respond. We conclude that the resolution passed by the Village was neither judicial nor quasi-judicial, and therefore, the trial court had no jurisdiction to review it under C.R.C.P. 106(a)(4). Accordingly, we dismiss and remand for dismissal of developer's complaint.

The three factors which must exist in order to find that an inferior tribunal has acted in a judicial or quasi-judicial capacity are:

"1) A state or local law requiring that the body give adequate notice to the community before acting; 2) a state or local law requiring that the body conduct a public hearing, pursuant to notice, at which time concerned citizens must be given an opportunity to be heard and present evidence; and 3) a state or local law requiring the body to make a determination by applying the facts of a specific case to certain criteria established by law."

*Snyder v. Lakewood,* 189 Colo. 421, 542 P.2d 371 (1975).

It appears that the third requirement is met here. The resolution applies the specific facts presented in developer's plan, it applies the criteria established by the Cherry Hills Village Code, and it concerns primarily the immediate parties. *See City & County of Denver v. Eggert,* 647 P.2d 216 (Colo.1982). However, the requirements concerning legally mandated notice and

public hearing were not met in the situation at issue.

Prior to its passage of the resolution, the Village did give notice and did hold a public hearing. However, the developer concedes that such notice and hearing were not required by local or state law. Thus, the first two criteria of the above test have not been met here. Accordingly, the resolution giving preliminary approval to developer's plan is neither judicial nor quasi-judicial. Therefore, the trial court had no jurisdiction to review the resolution under C.R.C.P. 106(a)(4). *Snyder v. Lakewood, supra; Stuart v. Board of County Commissioners,* 699 P.2d 978 (Colo.App.1985).

Developer argues that *City & County of Denver v. Eggert, supra,* provides a second method for establishing the quasi-judicial nature of an administrative action. Specifically, developer argues that if the action has quasi-judicial impact, or is quasi-judicial in nature and effect, then the administrative action is reviewable under C.R.C.P. 106(a)(4). We find no support for this argument in *City & County of Denver v. Eggert, supra,* and are not persuaded by the other authority cited to us.

As a result of our disposition, we need not reach developer's remaining contentions nor the contentions of the intervenors.

The appeal is dismissed and the cause is remanded with directions to dismiss developer's complaint.

KELLY and BABCOCK, JJ., concur.